THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* ANTONIO ROMERO ACEVEDO, Defendant and Appellant.

No. 7141. Argued March 9, 1939.—Decided April 19, 1939.

*Herminio Miranda Negrón* for appellant. *R. A. Gómez, Prosecuting Attorney,* and *Luis Janer, Assistant Prosecuting Attorney,* for appellee.

MR. JUSTICE DE JESÚS delivered the opinion of the Court.

Antonio Romero Acevedo was charged in the Municipal Court of Arecibo with carrying concealed weapons, to wit,

that on or about November 29, 1936, and in Arecibo, Puerto Rico, "unlawfully, wilfully and maliciously he carried on his person, for purposes of offense and defense, a curved knife, jack-knife style, 3¼" long and 3/43 (*sic*) wide, . . . which is a deadly weapon, with which serious bodily injury can be caused to a human being, and which the defendant carried, not for his trade, profession, or sport, and which was seized and is presented as evidence in the case to the Honorable Court."

The Municipal Court of Arecibo sentenced him to one month imprisonment in jail and costs. He appealed to the District Court and after a trial *de novo,* was sentenced to one month imprisonment in jail and costs.

He appealed to this Court and the only issue is whether the knife seized is a prohibited weapon within the meaning of the Act to Prohibit the Carrying of Arms, of 1924, (Session Laws, p. 114).

There is no question as to the facts. The defendant claims that the blade does not exceed three inches in length; and that as the weapon is a folding knife, it is not prohibited by law. The district judge admits the blade is less than three inches long, but he maintains that the weapon in question is not a folding knife but a "small cutlass" (*machetito*) and that therefore said weapon is not included in the exception established by Section 5 of the Act of June 25, 1924, *supra,* of which the following is relevant:

"Section 5.—That the provisions of this Act shall not be applicable:

"    *        *        *        *        *        *        *

"3. To the carrying of pocket-knives or folding *pocket*-knives the blades of which do not exceed three inches in length;" (Italics supplied.)

The knife was brought before this Court. We cannot agree with the district judge that the weapon under consideration is a "small cutlass" (*machetito*). It is a folding knife, because the blade folds into the handle. Measured from the part where the tang fits into the handle to the end (*People*

v. *Peña,* 34 P.R.R. 72) the blade measures exactly three inches in length. It is curved, jack-knife style, and when folded the knife is about two inches wide. From its design it is clearly not a pen—or pocket-knife. In *People* v. *González,* 36 P.R.R. 47, 49, comparing the knife with pen—or pocket-knife, it was said, as to the latter:

". . . pocket-knife (according to the dictionary) is an 'instrument in the shape of a small razor for cutting pens' with which it is possible perhaps to cause bodily injury in unexpected circumstance, but whose multiple personal uses, entirely independent of offensive or defensive purposes, are the determining factors for usually carrying it." (Words in parentheses supplied.)

We know that electricians use folding knives like the one taken from the defendant to peel off the cover of electric wire when making a splice, but the record does not disclose that when the weapon was seized, defendant was using it for that purpose.

In our judgment the weapon in question is not included in subdivision 3 of section 5 of the Act to Prohibit the Carrying of Arms, of 1924, and is therefore a prohibited weapon. The appeal must be dismissed and the judgment affirmed.

Mr. Justice Travieso took no part in the decision of this case.